■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE RICHARD DUFFY, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 15, 1963 after a jury trial, convicting him of robbery in the first degree and imposing sentence. Judgment reversed on the law and a new trial granted. No questions of fact were considered. In our opinion, it was error to admit into evidence the defendant's alleged statement as a purported confession by him. After a detective had questioned the defendant and after the detective had made a handwritten statement of his conversation with him, the statement was typewritten. This typewritten statement was not signed by the defendant, and it is uncontradicted that the defendant refused to sign such statement. It is further uncontradicted that the defendant could not read although he was able to sign his name. While the statement was read to the defendant, the testimony does not establish that he ever acknowledged the truth of the statement. The mere placing by him of two lines on the statement did not, under the circumstances, constitute his acknowledgment of the truth of its contents (*People* v. *Kenny*, 20 A D 2d 578; 23 ALR 2d 919, 928). While the statement may be used for the purpose of refreshing the witnesses' recollection as to any admission that was made by the defendant, it was error to admit the statement into evidence (*People* v. *Kenny*, *supra*). Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE FITCHETT, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, entered October 13, 1964, which denied without a hearing his application to vacate a judgment of said court, rendered April 27, 1962 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence upon him as a second felony offender. Order reversed on the law and facts, and application remitted to the County Court, Nassau County, for further proceedings in accordance herewith. Defendant's conviction was based, in part, upon his alleged confession. At the trial, the issue as to whether the confession was voluntary or involuntary was submitted to the jury for its determination, under appropriate instructions from the Trial Judge. In the light of the recent decision of the Supreme Court of the United States (*Jackson* v. *Denno*, 378 U. S. 368), this application must be remitted to the trial court for further proceedings upon the issue of voluntariness, in accordance with the procedure prescribed by this court in its decisions of December 21, 1964 (see, e.g., *People* v. *Davis*, 22 A D 2d 921), as modified and amplified by the Court of Appeals in its subsequent decision (*People* v. *Huntley*, 15 N Y 2d 72). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.