OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
As a result of an automobile collision in which the driver of the other vehicle was killed and two passengers seriously injured, defendant was charged in a five-count indictment with vehicular manslaughter, second degree, criminally negligent homicide, two counts of vehicular assault and driving while intoxicated. At the conclusion of the trial, the court instructed the jury that vehicular manslaughter consisted of criminal negligence, while intoxicated, which caused a death, that criminally negligent homicide consisted of exactly the same elements, except intoxication, that vehicular assault consisted of criminal negligence, while intoxicated, resulting in serious physical injury. It directed the jury to consider first vehicular manslaughter and instructed it that if it found defendant guilty of that count it did not have to consider criminal negligence or driving while intoxicated but it could proceed to the vehicular assault counts. The only charge down was operating a motor vehicle while ability impaired as a lesser included offense of count 5, operating a motor vehicle while under the influence of alcohol.
After commencing deliberations, the jury returned to the courtroom and asked the court to explain the difference between vehicular manslaughter and criminally negligent homicide. The court repeated its earlier instructions, reminding the jury that a conviction of the first required a finding that defendant was driving his vehicle while intoxicated and that the latter did not. Having clarified the distinction, the jury continued its deliberations but subsequently returned to *806 the courtroom and requested the court to redefine criminal negligence. After receiving the court’s supplemental instructions on this issue, the jury found defendant guilty of criminally negligent homicide and two counts of vehicular assault.
The jury was polled and confirmed its verdicts. Before it was dismissed defense counsel requested that the jury be returned to the jury room pursuant to CPL 310.50 to reconsider its verdict or that the verdicts be set aside as repugnant. The court refused both requests, entered the verdicts and directed the parties to prepare posttrial submissions on repugnancy. The court subsequently set aside the vehicular assault counts but left standing the criminally negligent homicide verdict. The Appellate Division affirmed the disposition of the verdicts but modified the sentence.
Whether verdicts are repugnant or inconsistent (the difference is inconsequential) is determined by examining the charge to see the essential elements of each count, as described by the trial court, and determining whether the jury’s findings on those elements can be reconciled (see, People v Tucker, 55 NY2d 1, 6-7). The critical concern is that a defendant should not be convicted of a crime when the jury has found that he did not commit one or more of its essential elements (id., at 6).
In this case, the jury had been specifically instructed that the only difference between vehicular manslaughter and criminally negligent homicide was the element of intoxication. It rejected the claim that defendant had driven while intoxicated and accepted the claim that he was guilty of criminal negligence. Accordingly, its finding of guilt on the vehicular assault charges was inconsistent with the acquittal on vehicular manslaughter and the court correctly set them aside. Moreover, having been instructed on the difference between vehicular manslaughter and criminally negligent homicide, the jury rejected one and proceeded to weigh the other, asking for further instructions on negligence before eventually convicting defendant of it.
On this appeal, defendant urges that when the inconsistent verdicts were returned the court was required to direct the jury to deliberate further. While it may have been advisable for the court to do so, we held in People v Robinson (45 NY2d 448) that CPL 310.50 (2) did not create a per se rule: "resubmission is required only where the verdict returned by the jury exhibits a confusion on the part of the jury such that its intention with respect to individual counts of the indict- *807 merit is uncertain.” (Id., at 453.) We find no evidence of confusion here and none establishing that the jury held defendant guilty of a crime on which it had found he did not commit an essential element (see, People v Tucker, supra). Manifestly, the jury’s verdicts in the vehicular manslaughter and vehicular assault counts are irreconcilable because in one they found defendant was not intoxicated while in the others they found he was. There is no view of the verdicts, however, which would demonstrate that the jury found defendant both was and was not guilty of criminal negligence. It is clear that it believed that the defendant acted with criminal negligence and was guilty of criminally negligent homicide, despite its inconsistent verdicts as to the crimes that had intoxication as an element. Because the jury’s intent as to this count of the indictment was unequivocal, there was no need to resubmit the case to the jury.
Defendant also urges that that evidence was legally insufficient to support the jury’s verdict of criminal negligence. There was evidence that defendant had been drinking and that he was driving at an excessive rate of speed on an obstructed street under construction in a residential neighborhood. The jury was entitled to accept this evidence and it was sufficient to support its verdict (see, People v Boutin, 75 NY2d 692; People v Paul V. S., 75 NY2d 944; People v Ricardo B., 73 NY2d 228).
The issue raised by the People on their cross appeal has not been preserved for our review.