■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LAEZZA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered October 14, 1988, convicting him of criminally negligent homicide (three counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case arises from a tragic incident in Long Beach, New York, which resulted in the death of Peter Phillips; Carol Ann Phillips (nee Zagorski), Peter's wife of several hours; and John Phillips, Peter's brother, and the injury of Debra Zagorski, Carol Ann's sister; and Thomas Quinn. Quinn was driving a limousine, which was carrying Peter, Carol Ann, and a portion of their wedding party to their wedding reception, when it was hit, while turning into the parking lot of the beach club where the reception was to be held, by a car driven by the defendant. The defendant was allegedly drag racing at a speed of anywhere between 60 to 104 miles per hour at the time of the collision. The jury found the defendant not guilty of three counts of manslaughter in the second degree (Penal Law § 125.15 [1]) with respect to the three deaths, and not guilty of one count of assault in the second degree (Penal Law § 120.05 [4]) with respect to Debra Zagorski, apparently concluding that the prosecution failed to establish that Debra suffered serious physical injury. However, the defendant was found guilty of three counts of criminally negligent homicide (Penal Law § 125.10), and one count of assault in the second degree

(Penal Law § 120.05 [4]) with respect to Thomas Quinn. The defendant, *inter alia,* contends that the jury's verdict was inconsistent in that it requires the conclusion that he acted recklessly in causing Quinn's injuries, but at the same time did not act recklessly in causing the death of Peter, Carol Ann, and John Phillips. We disagree.

Under the law, as adequately conveyed to the jury by the trial court, "[a] person acts recklessly with respect to a result * * * when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur * * *. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]). Thus, the jury could, and apparently did, find that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk that serious physical injury would occur as a consequence of his actions, thus justifying the conviction for assault in the second degree, but at the same time was not aware of and did not consciously disregard a substantial and unjustifiable risk that death would occur as a consequence of the same actions, thus justifying the acquittal on the manslaughter counts. Therefore, upon examining the trial court's charge, we conclude that the defendant was not "convicted for a crime on which the jury ha[d] actually found that [he] did not commit an essential element" *(People v Tucker,* 55 NY2d 1, 6; *see, People v Loughlin,* 76 NY2d 804, 806), and that the verdict was not inconsistent.

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.