■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY MAYS, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 14, 1986, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of 5 to 10 years, unanimously affirmed.

Shortly after an undercover officer purchased two packages of cocaine through a steel door located in the basement of a Bronx building, other officers executed a search warrant for the premises. Defendant was found alone in the room behind the steel door. He possessed $211 which included $50 of prerecorded "buy money" that the undercover officer had used. Seventy-one tin foil packages of cocaine were recovered from the toilet located nearby. At trial, defendant testified that he had been on the premises to earn a few dollars by sweeping up for a man named Jack. When the police shouted from the other side of the steel door, Jack dropped what he was holding in his hands into the toilet and disappeared up a dumbwaiter. Despite "Jack's" advice to follow him up the dumbwaiter, defendant stated that he opened the door and let the police into the room.

Defendant's claim that his acquittal of criminal possession of drugs with intent to sell and criminal sale of drugs is inconsistent or repugnant with his conviction of criminal possession is unpreserved. Defendant did not raise the claim at trial, or before the jury was discharged. *(People v Alfaro,* 66 NY2d 985, 987.) Were we to consider the claim in the interest of justice, we would find it to be without merit. The jury's determination can be reconciled with the charge. *(People v Loughlin,* 76 NY2d 804, 806.)

In addition to being unpreserved for review, defendant has

failed to establish that the court's delay in responding to the jury's notes "seriously prejudiced" him *(People v Lourido,* 70 NY2d 428, 435) especially since defendant consented to the procedure by which the court inquired of the jury if they desired answers to their submitted questions or wished to have the court take the verdict, resulting in the forelady's response to the court to take the verdict.

Finally, defendant is not entitled to be resentenced because the sentencing minutes are lost. Defendant has not established that an adequate substitute for the missing transcript is not available. *(People v Rivera,* 39 NY2d 519, 523.)

We have examined defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin, Kassal and Smith, JJ.