■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMERITO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lange, J.), rendered August 4, 1989, convicting him of robbery in the first degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that his robbery conviction cannot stand in view of his acquittal of the charge of criminal possession of a weapon in the third degree. Under the theory

of the People's case, the defendant forcibly stole the complainant's bag and, in the course thereof, threatened to stab her with a screwdriver. The trial court instructed the jury that a conviction for first degree robbery required proof beyond a reasonable doubt that the defendant forcibly stole property and used or threatened the use of the screwdriver. The court also instructed the jury that, in order to convict the defendant of criminal possession of a weapon in the third degree, it had to find that the defendant knowingly and unlawfully possessed a screwdriver with the intent to use it unlawfully against another.

Viewing the elements of the crimes *as charged by the trial court* and without regard to the particular facts of the case *(see, People v Loughlin,* 76 NY2d 804; *People v Tucker,* 55 NY2d 1), we find that the jury's verdict convicting the defendant of robbery in the first degree was not necessarily inconsistent with his acquittal of criminal possession of a weapon in the third degree. "By convicting defendant of robbery, the jury of necessity found that he either used or threatened the immediate use of a [screwdriver]. The finding that defendant threatened * * * use of a [screwdriver], however, is not repugnant to a finding that defendant himself did not actually possess a [screwdriver]. Applying the law as it was charged in this case, the jury was entitled to find that defendant may not have possessed a [screwdriver], and yet did threaten to use one" *(People v Johnson,* 70 NY2d 819, 820-821; *People v Jordan,* 175 AD2d 649; *People v Hudson,* 163 AD2d 418). Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.