OPINION OF THE COURT
Carolyn E. Demarest, J.
The instant omnibus motion, which includes the usual *971 application to inspect the Grand Jury minutes and dismiss the indictment pursuant to CPL article 210, raises a question of first impression: Does repugnancy in the findings of the Grand Jury require dismissal of the indictment?
CPL article 210 provides for dismissal of an indictment upon several specified grounds including defective indictment (CPL 210.20 [1] [a]); legally insufficient evidence (CPL 210.20 [1] [b]); defective proceedings (CPL 210.20 [1] [c]; 210.35); immunity or double jeopardy (CPL 210.20 [1] [d], [e]); untimeliness (CPL 210.20 [1] [f], [g]); jurisdictional or legal impediment to conviction (CPL 210.20 [1] [h]); and interests of justice (CPL 210.20 [1] [i]; 210.40). As previously noted in open court, the District Attorney’s submission was proper in all respects in that the factual evidence was sufficient and the legal instructions correct and complete. The court finds no merit to the contentions of defense counsel with respect to alleged defects in the presentation by the District Attorney.
However, the Assistant District Attorney submitted four counts against defendant Sean Cummings to the Grand Jury. (Charges against the codefendant, Winston Houghton, were presented separately and there are no "in concert” allegations. This decision is therefore limited to defendant Cummings.) One count of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06) involved a quantity of cocaine listed in People’s exhibit 4 in evidence, for which the Grand Jury voted no true bill. The other three counts, criminal sale of a controlled substance in the third degree (Penal Law § 220.39), criminal possession of a controlled substance in the third degree (Penal Law § 220.16), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), all involved a quantity of cocaine listed in People’s exhibit 2 in evidence and the Grand Jury was expressly so charged. With respect to the three counts relating to exhibit 2, the Grand Jury voted no true bill as to possession in the seventh degree and a true bill as to the other two counts. This finding is inherently repugnant when viewed in light of the evidence and the elements of each crime as charged to the Grand Jury.
Upon the evidence adduced here, criminal possession of a controlled substance in the seventh degree is a lesser included offense of both criminal sale and criminal possession of a controlled substance in the third degree. (Cf., People v Johnson, 45 NY2d 546 [1978].) For a jury to find that the defendant either sold or possessed exhibit 2 with the intent to sell it, *972 without first finding that the defendant in fact possessed exhibit 2, is a logical impossibility. The finding of the Grand Jury that the evidence did not support a true bill on simple possession but did support a finding of sale and possession with intent to sell was therefore "internally self-contradictory both logically and pursuant to the charge” (see, People v Carbonell, 40 NY2d 948 [1976]), and "truly repugnant” (see, People v Bullis, 30 AD2d 470, 472 [4th Dept 1968]). Such a verdict rendered at trial would not stand under well-settled authority in this State. (People v Tucker, 55 NY2d 1, 6-7 [1981]; People v Dercole, 72 AD2d 318, 326-333 [2d Dept 1980]; see generally, Wax, Inconsistent and Repugnant Verdicts in Criminal Trials, 24 NYL Sch L Rev 713 [1979].) "Allowing such a verdict to stand is not merely inconsistent with justice, but is repugnant to it.” (People v Tucker, supra, at 6.)
The issue before this court does not, however, involve the repugnant verdict of a petit jury, but the repugnant indictment of a Grand Jury. No conclusive authority on this point has been discovered by this court or proifered by counsel on either side. Directly relevant, however, is the dissenting opinion of Justice Milonas in People v Caracciola (164 AD2d 755, 760 [1st Dept 1990]), which suggests that the repugnancy of the Grand Jury finding was the basis for the dismissal in that case. In Caracciola, the Supreme Court had dismissed an indictment which charged the defendant, a police sergeant, with official misconduct under Penal Law § 195.00, in allegedly having used excessive force in responding to a street demonstration and thereby causing injury to one who was not involved in the demonstration. While indicting on the official misconduct charge on a theory that defendant had knowingly committed an unauthorized act as a public servant with intent to injure another person, the Grand Jury failed to return a true bill on alternative theories of assault in the third degree, i.e., intentionally (Penal Law § 120.00 [1]) or recklessly (Penal Law § 120.00 [2]) causing physical injury. The Supreme Court apparently dismissed the indictment primarily upon its determination that these findings were implicitly repugnant.
The Appellate Division upheld the dismissal, finding that the Assistant District Attorney’s instructions to the Grand Jury were "confusing” and that the indictment was, therefore, "defective” under CPL 210.20 (1) (a) (People v Caracciola, 164 AD2d, at 756, supra). While the majority opinion does not mention repugnancy, Justice Milonas, dissenting, found the indictment untainted by the District Attorney’s confusing *973 comments made subsequent to the vote of the Grand Jury and noted that no legal authority exists for the proposition that an indictment must be dismissed when there is legal repugnancy (supra, at 760), thus suggesting that the majority had considered the repugnancy issue and quite possibly found it dispositive though it characterized the resulting indictment as "defective” due to confusion. Justice Milonas found the prosecutor’s instructions generally consistent with the applicable statutes and argued at some length that, in any event, the Grand Jury’s findings were not repugnant because the elements of the crimes submitted to them were not identical, a fact which is readily apparent from a comparison of the applicable sections of the Penal Law. Clearly, Justice Milonas’ dissent is specific to the facts of the Caracciola case and inapposite to the case here wherein there is no need to determine the possible inconsistencies between alternative theories of culpability.
In contrast to Caracciola (supra), at bar here is a classic situation of repugnancy where the failure to find a true bill as to seventh degree possession "negatives” one of the essential elements of the crimes upon which a true bill has been returned. (See, People v Dercole, supra, 72 AD2d, at 332.) As Justice Lazer noted in Dercole, citing the dissenting opinion of Justice Butler in the seminal case of Dunn v United States (284 US 390, 406-407 [1932]), in assessing the sufficiency of the evidence to sustain a conviction on one charge where there has been an acquittal on another charge involving identical proof, the factual element necessarily found not to have been proved by the acquittal must be excluded. If the exclusion of this element renders the evidence inadequate as a matter of law, the guilty verdict (or, as here, true bill) cannot be sustained. (People v Dercole, 72 AD2d, at 329.)
The People argue that because repugnancy is not included among those grounds for dismissal of an indictment specified in CPL article 210, this court lacks the power to do so. However, upon the logic articulated by Justices Butler and Lazer, CPL 210.20 (1) (b), mandating dismissal for legal insufficiency of evidence to establish the charge or any lesser included offense, readily supplies the statutory authority to grant defendant’s motion here. Moreover, this court finds that CPL 210.20 (1) (a), providing for dismissal of a "defective” indictment, also provides the necessary authority for dismissal. See People v Caracciola (supra, 164 AD2d, at 756), *974 wherein confusing instructions rendered the indictment "defective” within the purview of CPL 210.25 (1).
Although CPL 210.20 (1) (a) is literally circumscribed by the parameters of CPL 210.25, it is apparent that "defects” within the meaning of the statute may include many procedural and legal impediments not expressly articulated. Surely, given the constitutional guarantee of the right to indictment by a Grand Jury (NY Const, art I, § 6), a right which has been held to be "a 'public fundamental right’, which is the basis of jurisdiction to try and punish”, infringement of which is a defect that cannot be waived (People v Boston, 75 NY2d 585, 587 [1990]), a repugnant vote by the Grand Jury is a sufficiently egregious "defect” within the meaning of CPL 210.20 (1) (a) to warrant dismissal of the indictment.
Accordingly, the motion to dismiss the indictment against defendant Cummings is granted with leave to re-present within 30 days hereof. In view of what appears to have been an inexplicable mistake on the part of the grand jurors, without fault on the part of the People, it would be inappropriate to deny the opportunity to resubmit.