■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COLEMAN, Appellant. [605 NYS2d 105] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered November 30, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The question of whether a verdict is inconsistent or repugnant is to be determined by reviewing the elements of the crimes as charged by the trial court to determine whether the jury's findings on those counts can be reconciled *(see, People v Loughlin,* 76 NY2d 804; *People v Tucker,* 55 NY2d 1). In this case, the defendant's conviction of murder in the second degree is not repugnant to his acquittal of criminal possession of a weapon in the fourth degree because the acquittal of the latter did not conclusively negate an essential element of the former. The evidence permitted a finding that the knife with which the defendant inflicted the fatal injuries belonged to the victim. Under these circumstances, the jury could have concluded that the defendant did not "possess" the weapon with

the intent to kill *(see, People v Leon,* 163 AD2d 740; *see also, People v Johnson,* 70 NY2d 819; *People v Gonzalez,* 181 AD2d 741). Accordingly, the verdict was not repugnant.

The defendant correctly contends that the trial court improperly admitted into evidence a writing made by the arresting officer purporting to be the substance of a statement made by the defendant which he never signed nor acknowledged *(see, People v Lee,* 159 AD2d 238; *People v Kenny,* 20 AD2d 578, 579; *People v Duffy,* 23 AD2d 699). This error, however, was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant's claim that the trial court erred in refusing the defense counsel's request to give an "authenticity charge", instructing the jury that the People had the burden of proving that the statement in question had in fact been made, is unpreserved for appellate review *(see,* CPL 470.05 [2]).

We find no merit to the defendant's remaining contention. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.