■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD TYSON, Appellant. [632 NYS2d 664] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered December 10, 1993, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The issue of the legal sufficiency of the evidence is not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Loughlin, 76 NY2d 804; People v Johnson, 70 NY2d 819; People v Tucker, 55 NY2d 1). However, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant contends that his acquittal of the robbery and burglary charges negated his alleged intention to use or threaten to use unlawfully the knife which was recovered from his person, and that the conviction of criminal possession of a weapon in the fourth degree was thereby repugnant. We disagree. The charges of which the defendant was acquitted, robbery in the first degree, robbery in the second degree, and burglary in the first degree, each have elements not contained in the charge of criminal possession of a weapon in the fourth degree (see, Penal Law § 160.15 [3]; § 160.10 [1]; § 140.30 [3]; § 265.01 [2]). Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.