■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JERRY JIMINEZ, Respondent. [636 NYS2d 110] —Appeal by the People from so much of an order of the Supreme Court, Kings County (Quinones, J.), entered August 8, 1994, as, upon reargument, adhered to its prior decision, which granted the branch of the defendant's omnibus motion which was to dismiss Kings County Indictment No. 14848/93, and dismissed the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, and the indictment is reinstated.

Contrary to the defendant's contention, the People did not waive any issues on this appeal by their alleged failure to respond to the defendant's omnibus motion in the Supreme Court. Rather, the relevant issues were placed before and decided by the Supreme Court in the context of the People's motion for reargument. Accordingly, the issues raised are properly before us for review. Similarly, the printed record on appeal is not defective because it omitted a copy of the Grand Jury minutes. The People have properly supplied us with these confidential minutes under separate cover (see, CPL 190.25 [4] [a]).

Contrary to the determination of the Supreme Court, the indictment charging the defendant with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree is supported by legally sufficient evidence. The undercover officer's testimony regarding his negotiation of a drug sale with the defendant and another individual, viewed in the light most favorable to the People (see, People v Warner-Lambert Co., 51 NY2d 295, cert denied 450 US 1031), was sufficient to make out a prima facie case as to all of the elements of the charged offenses (see generally, CPL 190.65 [1]; People v Reyes, 75 NY2d 590; People v Mikuszewski, 73 NY2d 407; People v Deegan, 69 NY2d 976). The Supreme Court further erred to the extent that it premised its legal insufficiency determination upon a perceived repugnancy or inconsistency in the Grand Jury's votes on the offenses submitted to it. Assuming, without deciding, that repugnancy principles may be applied to the actions of a Grand Jury in the same manner they are applied to the verdict of a petit jury (but see, People v Sullivan, 68 NY2d 495), the Grand Jury's decision not to indict the defendant for criminal sale of a controlled substance was not repugnant to its determination to indict him for the possession offenses, since no essential ele-

ment of the possession counts as set forth in the prosecutor's Grand Jury instructions was thereby negated *(see, People v Tucker,* 55 NY2d 1; *People v Lane,* 177 AD2d 713; *People v Billups,* 171 AD2d 513; *People v Ortiz,* 170 AD2d 396). Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.