THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL V. BRABEC, Appellant. [639 NYS2d 761]

Memorandum: Defendant was indicted for manslaughter in the second degree, vehicular manslaughter, criminally negligent homicide, driving while intoxicated (Vehicle and Traffic Law § 1192 [2]), reckless driving, and speeding. At trial, defendant was acquitted of manslaughter in the second degree, vehicular manslaughter and driving while intoxicated, and was convicted of the remaining charges. Con-

trary to defendant's contention, the evidence of criminally negligent homicide and reckless driving is legally sufficient (*see, People v Loughlin*, 76 NY2d 804, 807; *People v Bleakley*, 69 NY2d 490, 495).

There is no merit to defendant's contention that County Court erred in refusing to sever the reckless driving count from the remaining counts. The offenses are joinable pursuant to CPL 200.20 (2) (c) because they are defined by the same or similar statutory provisions, and defendant failed to show good cause for severance (*see, People v Nix*, 192 AD2d 1116, *reconsideration granted* 195 AD2d 1087, *lv denied* 82 NY2d 757).

Because the jury verdicts convicting defendant of criminally negligent homicide and acquitting him of driving while intoxicated are not repugnant (*see, People v Loughlin, supra*, at 806), the court did not err in denying defendant's motion to set them aside (*see*, CPL 330.30). Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminally Negligent Homicide.) Present—Pine, J. P., Wesley, Callahan, Davis and Boehm, JJ.