OPINION OF THE COURT
Michael R. Juviler, J.
This is a written version of an oral decision rendered from *690 the Bench after reargument on a motion to dismiss an indictment.[1] The question presented is whether the principles of repugnancy applicable to verdicts by petit juries apply to actions by a Grand Jury. The principles of repugnancy provide that an inherently inconsistent or self-contradictory verdict by a jury, such as conviction of a crime that includes a lesser crime for which the jury has acquitted the defendant, must be set aside if the defendant objected before the jury was discharged. (People v Tucker, 55 NY2d 1; People v Ladson, 209 AD2d 640; People v Butler, 187 AD2d 489.) After reargument, the court withdraws its affirmative response to the question presented and finds that repugnancy is not applicable to Grand Jury actions. The dismissal of the count involved, count 1, is therefore vacated.
THE FACTS
Count 1 charges these two defendants with aggravated assault upon a police officer. (Penal Law § 120.11.) It alleges that the two defendants, acting as accessories, intentionally aided a third defendant, Mo Tang, to cause serious physical injury to Detective Michael Johnson, known by them to be a police officer performing his duties, by slashing him with a dangerous instrument. In a separate count, the indictment also charges these two defendants with assault in the third degree (Penal Law § 120.00 [1]), alleged to have been committed against Gerard Ahearn with their fists. The third defendant, Mo Tang, is charged in the same indictment with aggravated assault upon a police officer, relating to the slashing by him of Detective Johnson; assault in the first degree with a dangerous instrument (Penal Law § 120.10 [1]), for the same alleged attack on Johnson; and criminal possession of a weapon in the fourth degree.
The issue of repugnancy has arisen as to these two defendants because the Grand Jury, while voting a true bill for them for aggravated assault upon a police officer (Penal Law § 120.11) voted no true bill for them for a lesser included charge, assault in the first degree, which has all the elements of Penal Law § 120.11, except those relating to the status of the victim as a police officer. (See, Penal Law § 120.10 [1].)
*691 THE INITIAL DECISION
Before reargument, this court, finding the Grand Jury’s treatment of the charges of aggravated assault upon a police officer and assault in the first degree for these two defendants inconsistent and repugnant, held that count 1 had to be dismissed because the inconsistency prevented the court from determining what the Grand Jury had found. The court thus reached the same result as a colleague did in a thoughtful opinion in People v Cummings (155 Misc 2d 970 [Sup Ct, Kings County]; see also, People v Martinez, 164 Misc 2d 314 [Sup Ct, Queens County] [assuming for discussion that repugnancy applies to Grand Jury actions]).
UPON REARGUMENT
After reargument, the court vacates its order dismissing count 1, because the court is now convinced that the doctrine of repugnancy does not apply to actions by Grand Juries.
The People appropriately concede that if this had been a verdict of a petit jury, it would be repugnant, and that if there were timely objection such a verdict could not stand, because a conviction of a charge and an acquittal of a lesser included charge are repugnant. (See, People v Loughlin, 76 NY2d 804, People v Tucker, 55 NY2d 1, supra; People v Hill, 161 AD2d 728, lv denied 76 NY2d 858; People v Cummings, supra.) The People also appropriately concede that, as the court held in People v Cummings, if repugnancy applies to Grand Jury actions, it is a "defect” requiring dismissal of the inconsistent count on which the Grand Jury voted to indict. (See, CPL 210.20 [1] [a].) The People have cogently argued, however, that repugnancy does not apply.
The only appellate pronouncements on this question are not holdings, but they are informative. Recently, the Appellate Division, Second Department, left open the question whether repugnancy applies to Grand Jury actions, but in so doing suggested doubt about such application. (See, People v Jiminez, 223 AD2d 558 [1996].) In the Appellate Division, First Department, the question has been addressed directly, but only in a dissenting opinion. (See, People v Caracciola, 164 AD2d 755, 760 [Milonas, J., dissenting], affd 78 NY2d 1021.) In that dissenting opinion, two Justices of the Appellate Division stated unequivocally that the doctrine of repugnancy that applies at trials does not apply to Grand Jury actions.
As the dissenting opinion in Caracciola (supra) pointed out, there are significant differences between the functions and *692 duties of a Grand Jury and those of a petit jury. These have led this court to respectfully disagree with the holding in Cummings (supra) that repugnancy does apply in the Grand Jury.
A Grand Jury determines only whether there is evidence warranting a trial, while a petit jury determines the merits of the charge and the jury’s verdict is final once accepted. The standards of proof applied by a Grand Jury are lower than those applied by a petit jury: reasonable cause plus a prima facie case, not proof beyond a reasonable doubt. A trial jury "must” convict if the applicable standards of proof and persuasion have been met at the trial (People v Goetz, 73 NY2d 751), while — as the Assistant District Attorney charged the Grand Jury in this case — a Grand Jury "may” indict if the applicable standards have been met; therefore, the Grand Jury may, without violating its duty, "extend lenity” to the defendant by not indicting the defendant for a charge that is supported by the evidence. (People v Sullivan, 68 NY2d 495, 500-501; cf., People v Jiminez, supra.) "In contrast * * * the 'mercy-dispensing power is a thing apart from the true duty imposed upon a [petit] jury.’ ” (People v Sullivan, supra, at 501, quoting People v Mussenden, 308 NY 558, 562.)
Because of these differences between a Grand Jury proceeding and a trial, votes by a Grand Jury are not subject to the same analysis as verdicts by petit juries. A Grand Jury may, for reasons that are not inconsistent, choose to indict for a charge but not for a lesser included charge. For example, a Grand Jury may simply conclude that one charge for the same crime is enough. In this case the Grand Jury could have concluded, wisely or unwisely, that one charge was enough for the nonslashers and two charges were appropriate for the alleged slasher, codefendant Tang.
Even a repugnant verdict by a trial jury does not automatically require setting aside the judgment of conviction. It requires setting aside the judgment only if there was an objection to the verdict before the jury was discharged, so that there was time for the jury to reconsider its verdict. (People v Alfaro, 66 NY2d 985; People v Butler, 187 AD2d 439.) Surely, an Assistant District Attorney who presents a case to a Grand Jury has no greater burden of noticing and correcting errors than a trial court. It follows that at the pretrial stage of indictment by a Grand Jury the court should not be required to set aside the charge when, as in this case, the Grand Jury term has ended and the Grand Jury has been discharged. Moreover, the unfairness inherent in a repugnant verdict is greater than the *693 perceived unfairness of inconsistent actions by a Grand Jury, but repugnancy at trial does not per se require reversal of the conviction: there must be timely objection.
For these reasons, inconsistency in Grand Jury actions should not require dismissal. While the better course both at trial (see, GPL 310.50 [2]) and before the Grand Jury would be to bring the inconsistency to the attention of the fact finders when it arises, and, in the case of a Grand Jury vote, to inform the Supreme Court of the situation (see, People v Martinez, supra), the failure of the Assistant District Attorney before the Grand Jury, or the Trial Judge, as the case may be, to notice the problem and address it sua sponte does not void the fact finders’ action, be it a vote to indict or a verdict of conviction.
THE REDUCTION OF COUNT 1
In the cases of these two defendants, this court, after vacating the dismissal of count 1, has found that the evidence before the Grand Jury was not legally sufficient to show that these two defendants intentionally aided codefendant Tang in the slashing of Detective Johnson with intent to cause serious physical injury to Johnson with a dangerous instrument, but was legally sufficient to show that they shared an intent to cause Johnson physical injury with fists. (See, People v Monaco, 14 NY2d 43; People v McNeil, 228 AD2d 620; People v Cummings, 131 AD2d 865, 867; People v La Coot, 118 AD2d 660; People v Hayes, 117 AD2d 621, lv denied 68 NY2d 668.) (The reasons for these findings have been explained orally on the record and need not be repeated here.)
If the doctrine of repugnancy were applicable to Grand Jury proceedings, the court would be required to dismiss count 1, as it did before reargument, not merely reduce it to the lesser included charge supported by the evidence. (People v Johnson, 70 NY2d 964; People v Loughlin, 76 NY2d 804; People v Cummings, supra.) Since repugnancy does not apply, the court vacates its order dismissing count 1 for defendants Lin and Hong, and their motion to dismiss that count is denied, and in their cases that count is reduced to assault in the third degree, pursuant to CPL 210.20 (1-a).

. Strictly speaking, the initial decision came before any argument: the People had defaulted on two previous dates set for argument, and the court proceeded to decision without argument. Reargument was presented by members of the Appeals Bureau.