*264 OPINION OF THE COURT
Donald P. DeRiggi, J.
The defendant, Jay Seifert, by his attorney, Joseph Falbo, Esq., has brought a motion seeking the following relief, inter alia: an inspection of the Grand Jury minutes and a dismissal of the indictment on the basis that the evidence presented to the Grand Jury was insufficient to sustain the offenses charged or any lesser offenses.
The defendant has been indicted for one count of coercion in the first degree, a class D felony, one count of bribe receiving in the third degree, a class D felony, and one count of official misconduct, a class A misdemeanor. The allegations are that the defendant demanded, threatened and/or accepted sex from the passenger in a motor vehicle in exchange for and with the understanding that he would not proceed against the driver of the motor vehicle who was driving in violation of the Vehicle and Traffic Law.
A. Sufficiency of Evidence
The evidence presented, when viewed in the light most favorable to the People, is sufficient to sustain the indictment as to all counts contained therein. The issue regarding force, i.e., an implied threat that placed the complainant in fear of physical injury to herself or another, is supported by the evidence. In People v Bennett (79 NY2d 464 [1992]), the facts are somewhat similar and the Court finds the evidence sufficient on the issue of force. In Bennett, the victim was stopped by a police officer who advised her that she had been driving erratically and had failed to signal a lane change. The officer instructed the victim to leave her car, walk a straight line and then ordered her to go to the passenger seat of his patrol car. Once in the police vehicle, he told her to blow in his face as a sobriety test. When the victim did so the officer began to fondle her. He then told her that he was going to “do it” with her but that he had to go back to the barracks for a condom. The victim followed the officer to the barracks in her own car but the officer had retained her license and registration. At the barracks, the officer put the victim in the police car and told her to wait while he went inside to get a condom. When he returned they drove off to a secluded area where the officer sexually attacked the victim. The victim testified that she was terrified throughout this entire period and, since the defendant was armed, she felt that any escape attempt would be futile.
Likewise, in People v Smolen (166 AD2d 248 [1st Dept 1990]), a case involving sodomy and sexual abuse, the victim testified *265 that he was “frozen in fear” and the reason why he complied with defendant’s requests was because he did not want to die.
In determining the sufficiency of evidence and the existence of force, the inquiry is focused on what the victim, observing the defendant’s conduct, feared the defendant would or might do if the victim did not comply with his demands. (People v Thompson, 72 NY2d 410, 415-416 [1988].) Further, whether the sexual acts were voluntary or the result of forcible compulsion is a question of fact for the jury to determine, or, in this case, the Grand Jury. (People v Hill, 163 AD2d 852 [4th Dept 1990].)
B. Repugnancy
However, while the evidence presented is legally sufficient to sustain the charge of coercion in the first degree, the next issue for consideration is that of repugnancy. A verdict is repugnant when a jury has acquitted a defendant of one charge and such decision has negated an essential element of another charge for which the jury found the defendant guilty. (People v Tucker, 55 NY2d 1 [1981].)
The issue of repugnancy comes into consideration in this case because the Grand Jury was charged on the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree as well as the crimes for which defendant was indicted, including coercion in the first degree. The focus of the analysis is on the element of “forcible compulsion” as required for the sex crimes and the elements of coercion.
“Forcible compulsion,” as it applies to this case, “means to compel by * * *
“a threat, express or implied, which places a person in fear of immediate death or physical injury to * * * herself or another person” (Penal Law § 130.00 [8] [emphasis supplied]).
“Coercion in the first degree,” as charged in this case, occurs when a person
“compels or induces a person to engage in conduct which the latter has a legal right to abstain from engaging in * * * by means of instilling in h[er] a fear that, if the demand is not complied with, the actor * * *
“will cause physical injury to a person.” (Penal Law §§ 135.60, 135.65 [1] [emphasis supplied].)
The elements of “forcible compulsion” correspond to the definition of coercion in the first degree, as applicable to the facts of this case. In the case at bar, there was no physical force alleged to have been used, rather the allegations support an *266 implied threat of physical injury. The Grand Jury was charged properly on these elements but failed to make the connection between the two charges. There is no doubt that the Grand Jury found insufficient evidence to support the element of forcible compulsion as required for the sex crimes charged. In fact, the minutes of that proceeding are quite clear in that regard as the jurors, during deliberations, asked for the charge on “forcible compulsion” to be reread to them. In addition, they wanted to know if that element applied to all the sex crimes charged and finally told the prosecutor that they were deadlocked on that issue which thus necessitated a finding of “no true bill” on those charges. The record is clear and unambiguous as to the reason for the dismissal of those charges. There was no confusion by the grand jurors but merely a disagreement as to the sufficiency of the evidence on the issue of forcible compulsion to support the sex crimes charged to them. (The occurrence of the sexual acts between the defendant and the complainant was conceded by the defendant.) “The dismissal of a charge by the Grand Jurors after a full hearing * * * must be taken as establishing as a fact that the evidence was not of sufficient credible worth to warrant a prosecution.” (People v Franco, 196 AD2d 357, 361 [2d Dept 1994].)
Since the elements of forcible compulsion are the same for coercion in the first degree, as applicable to this case, the finding of a true bill for coercion in the first degree is clearly an inconsistent and repugnant determination by the Grand Jury.
The question remaining is whether or not the doctrine of repugnancy should apply to the action of a Grand Jury. The issues presented in this case have been specifically discussed in the New York Law Journal in April and May articles by Professor Abraham Abramovsky. The appellate courts have not spoken directly on the issue but there are several trial court decisions which go both ways.
One argument against applying this concept to a Grand Jury is based on CPL 190.65 (1) which provides that “a grand jury may indict a person for an offense when * * * the evidence before it is legally sufficient to establish that such person committed such offense” (emphasis supplied). This distinction between the petit jury’s obligation and the authority of a Grand Jury vis-á-vis GPL 190.65 was discussed by the Court of Appeals in People v Sullivan (68 NY2d 495 [1986]). Sullivan does not involve the issue of repugnancy but rather the sufficiency of the evidence before the Grand Jury on a lesser included charge after a dismissal of the greater charge. In that case, the *267 Court discussed the difference between a Grand Jury’s function and a petit jury’s functions. The Court stated that a Grand Jury is permitted to mitigate the harshness of the law by returning a true bill for a lesser offense, ie., exercising their “mercy dispensing power” and that a petit jury, on the other hand, must convict if they find that the evidence proves all the elements of the crime charged beyond a reasonable doubt. The arguments, therefore, against applying the repugnancy doctrine to Grand Jury proceedings, include the difficulty for the judge reading the Grand Jury minutes, which do not include the deliberations, in ascertaining why the Grand Jury took the action it did in dismissing one charge and indicting on another. (People v Hu-Fu Lin, 169 Misc 2d 689 [Sup Ct, Kings County 1996].)
However, in People v Martinez (164 Misc 2d 314 [Sup Ct, Queens County 1995]), People v Cummings (155 Misc 2d 970 [Sup Ct, Kings County 1992]) and People v DeJean (NYLJ, Aug. 18, 1994 [Sup Ct, Kings County]), the various courts did apply the concept of repugnancy to the Grand Jury. Those courts found a repugnant indictment puts into issue the sufficiency of the evidence presented to the Grand Jury so that “a repugnant vote by the Grand Jury is a sufficiently egregious ‘defect’ within the meaning of CPL 210.20 (1) (a) to warrant dismissal.” (People v Cummings, supra at 974.)
Assuming that repugnancy applies to an indictment, the next question concerns the remedy to be applied. The applicable inquiry must be whether the Grand Jury was confused so that a resubmission of the charges to the Grand Jury would be appropriate or was their vote an outright rejection of the People’s proof. (People v Martinez, supra at 317; People v Cummings, supra at 973-974.) Therefore, a careful and searching review of the minutes of a Grand Jury proceeding must occur in order to determine the possibility of jury confusion or misunderstanding as distinguished from an action based upon the rejection of the People’s evidence.
In the instant case, it is necessary, therefore, to attempt to determine whether or not the jury’s action in finding no true bill with respect to rape, sodomy and sexual abuse was based upon their “mercy dispensing powers” or some confusion or misunderstanding of the law or if the Grand Jury based its determination on the ground that the evidence presented to it did not establish the element of forcible compulsion.
The Court has read the Grand Jury minutes in this case and, while obviously the grand jurors’ deliberations were not *268 recorded, their thought process can be gleaned from the questions which they asked of the Assistant District Attorney and the comments which they made to him which were recorded.
Following a period of deliberation the jurors summoned the Assistant District Attorney and told him that they were deadlocked on the rape, sodomy and sexual abuse charges and that they did not have the 12 votes needed to indict. They previously had asked for a read back of the charge of forcible compulsion and asked if it applied to the first three charges of rape, sodomy and sexual abuse. They stated at that time that a dispute existed. Another discussion was held with respect to the number of votes needed to indict and the number of votes needed for a no true bill. The foreperson then asked that if they did not have the necessary 12 votes to indict on the first three counts, would another Grand Jury hear the case. Another juror stated that “we have a hung Grand Jury.” The Assistant District Attorney responded that if there was no true bill a re-presentation to a new Grand Jury could occur but only with the permission of the Court. Thereafter, the foreperson announced that on the rape charge there was a “total deadlock” and on the sodomy charge there was “no true bill” and on sexual abuse, “I can give you the break downs but it is no true bill.” Another juror stated that “since we are deadlocked on a couple of these charges, it is no true bill, right.”
From an examination of the language used by the grand jurors, several things become clear. A disagreement existed among them as to whether or not the evidence presented amounted to forcible compulsion. Absolutely no discussion of the issue of leniency or dispensing mercy is. expressed or implied from the minutes. While they did ask for one read back on the definition of forcible compulsion, there were no further questions on that issue thereby indicating that there was no confusion with respect to those elements. The confusion, if any, dealt with the number of votes needed for an indictment and whether or not at least 12 votes were needed for a no true bill.
A review of the Grand Jury minutes reveals that the grand jurors found insufficient evidence on the issue of forcible compulsion. There is no indication that they were exercising their mercy dispensing powers. It was clear from what the Grand Jury said that they had a genuine dispute as to whether or not there was sufficient evidence to show forcible compulsion. Therefore, their finding of a no true bill under the first three charges presented to them, i.e., rape in the first degree, sodomy in the first degree and sexual abuse in the first degree, *269 is a determination by the grand jurors that the evidence presented did not establish forcible compulsion. Their evaluation was on the merits and resulted in their rejection of the People’s evidence on that issue.
Based upon the foregoing, this Court concludes that repugnancy does apply to an indictment and, in the case at bar, it is clear that count one is repugnant. As there was no indication of confusion or misunderstanding by the Grand Jury, count one of the indictment is dismissed as repugnant and the People may not resubmit this case to the same or another Grand Jury.
The remainder of the Grand Jury proceeding was not defective; proper legal advice and adequate instructions were given by the District Attorney, the composition of the Grand Jury was sufficient, and in no way was the proceeding violative of the defendant’s constitutional rights (CPL 210.35 [5]; 190.25 [6]).
Accordingly, the defendant’s motion is granted in part and denied in part as indicated.