OPINION OF THE COURT
Sheryl L. Parker, J.
This is a written version of an oral decision rendered from the bench on motion to dismiss an indictment. Defendant was indicted on one charge of robbery in the first degree (Penal Law *210 § 160.15 [3]), and moves to dismiss this charge on the grounds that the indictment is repugnant and therefore defective (CPL 210.20 [1] [a]). Defendant contends that the rules regarding repugnant verdicts at trial should apply to the grand jury. The issue presented then is whether facially repugnant grand jury determinations render an indictment defective requiring dismissal. The court finds that because the function of a grand jury is different than that of a petit jury, the doctrine of repugnancy is inapplicable to grand jury indictments. Defendant’s motion to dismiss is denied in its entirety.
In this case, after hearing testimony from several witnesses as well as the defendant, the grand jury was instructed on one charge only — robbery in the first degree. They voted a true bill. At that time the prosecutor instructed the jurors that they would be receiving additional instructions on further charges at a later date. Six days later, the prosecutor resumed instruction on the additional charges. The jurors requested that the evidence be marshaled. In response, the prosecutor provided the name of one witness who had testified on the previous date, as well as the location of the alleged crime. After receiving this information the jurors indicated that their recollections had been refreshed. The prosecutor then proceeded to give instructions on the additional charges of robbery in the second degree (Penal Law § 160.10 [1]); robbery in the third degree (Penal Law § 160.05); petit larceny (Penal Law § 155.25); menacing in the second degree (Penal Law § 120.14 [1]); criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]); and burglary in the first degree (Penal Law § 140.20). The jury voted a no true bill on these additional charges.
On its face the indictment appears to be repugnant. In finding that the evidence established the top charge of robbery in the first degree, it seems inconsistent for the grand jury to not also have indicted on the lesser included charges containing the same elements. And, if this was a petit jury, this inconsistency would be grounds for setting aside the verdict (People v Tucker, 55 NY2d 1 [1981]; People v Ladson, 209 AD2d 640 [1994]). However, the laws governing the functions and duties of these two different types of juries are necessarily different. What appears to be a repugnancy at the indictment stage may simply be the grand jury’s decision to indict on only one count, whatever the reason.
A grand jury is an independent fact-finding body whose sole purpose is to investigate crimes, to determine whether there is *211 sufficient evidence to accuse a citizen, and to subject him or her to criminal prosecution (CPL 190.05). It is a separate and independent tribunal “free from the restraint of the court, and at liberty to decide upon its own methods of procedure in so far as they are not controlled by statute” (Morgan v Null, 117 F Supp 11, 14 [SD NY 1953]). “[T]he court has no power to interfere with the Grand Jury’s function of investigating crime” (People v Estenson, 101 AD2d 687, 687 [4th Dept 1984]). It “is the exclusive judge of the facts with respect to any matter before it” (CPL 190.25 [5]).
While a petit jury is limited to considering the evidence which has been presented at trial, a grand jury has the power to subpoena independent witnesses which have not been called by the People (CPL 190.50 [3]). Additionally, a grand jury need not be instructed with the same degree of precision that is required when a petit jury is instructed. It is sufficient if the People provide the grand jury enough information to enable it to intelligently decide whether a crime has been committed, and whether there exists legally sufficient evidence to establish the material elements of the crime (People v Calbud, Inc., 49 NY2d 389 [1980]). Since a petit jury must evaluate the evidence beyond a reasonable doubt, the legal instructions are necessarily much more comprehensive.
The rules of evidence governing both types of juries are also different. “In the absence of an explicit statutory restriction, evidence that would be excluded at trial under common law may be received in the grand jury . . . .” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.30 [1], at 242.) Moreover, evidence subsequently ordered suppressed before trial because it was unconstitutionally obtained may nevertheless be considered in determining the sufficiency of the evidentiary basis for an indictment (People v Oakley, 28 NY2d 309 [1971]; People v Sian, 167 AD2d 435 [2d Dept 1990]).
As the preceding examples illustrate, the rules governing petit juries and grand juries are different since the functions of the two juries are different. If a petit jury finds certain evidence to be true, then it “must” convict on all counts containing such evidence (People v Goetz, 73 NY2d 751 [1988]). Any other outcome indicates a misunderstanding and/or misapplication of the law which directly implicates the defendant’s due process rights because defendant’s liberty is at stake (US Const Amend XIV). Compare this to a grand jury whose basic duty is to ac *212 cuse. If a grand jury chooses to accuse a citizen of fewer crimes than might be expected, it does not necessarily indicate a misapplication of the law. The grand jury is the sole arbiter in deciding which crimes best reflect the evidence presented, and may, in its discretion, choose to extend leniency. “A Grand Jury may, for reasons that are not inconsistent, choose to indict for a charge but not for a lesser included charge. For example, a Grand Jury may simply conclude that one charge for the same crime is enough” (People v Lin, 169 Misc 2d 689, 692 [Sup Ct, Kings County 1996]). Moreover, while it is easy to understand how a defendant might be prejudiced by a repugnant verdict at trial, it is difficult to extend this reasoning to indictments where the outcome of a repugnant indictment is simply that the defendant is accused of fewer crimes. As long as the charges that are actually voted are supported by legally sufficient evidence, the defendant’s due process rights are respected.
Finally, an indictment by its very nature may be repugnant. Whereas petit juries must choose between alternate theories of a case and cannot convict on inconsistent counts contained in the same indictment, grand juries are not fettered by such restraints. Indictments can, and often do, contain inconsistent counts. Finding one count true at trial would automatically negate the validity of a separate count. Such inconsistency or repugnancy is inherent in the indictment process because it is based on alternative theories of looking at the same evidence, and the indictment process occurs at the initial stages of pleading when investigation is still ongoing. Nevertheless, despite such facial inconsistencies, the indictment is valid as long as each count is supported by legally sufficient evidence (CPL 300.40 [5]; see also, People v McCarthy, NYLJ, Aug. 11, 1997, at 28, col 4 [Sup Ct, Bronx County]).
For these reasons the court finds it does not make sense to apply the doctrine of repugnancy to the grand jury process. To do so would put the court in a position of second guessing grand jury decisions, even when it voted a legally sufficient indictment. The law simply does not support this.