■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO LEON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered October 13, 1988, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

On the evening of July 29, 1987, defendant fatally stabbed

Frankie Bryant in the heart with a knife during an altercation in a parking area located in the Town of Thompson, Sullivan County. As a result of this occurrence, defendant was charged by indictment with murder in the second degree and criminal possession of a weapon in the third degree. Thereafter, defendant pleaded not guilty and the case went to trial. Several witnesses described the altercation between defendant and Bryant. The evidence conflicted as to who was the aggressor in the fight. Defendant himself took the stand and, although he admitted he killed Bryant, he claimed he stabbed him in self-defense. Expert medical testimony established that Bryant had sustained a "defensive" wound to the arm, i.e., a wound sustained from instinctively blocking an oncoming blow. The jury returned a verdict of guilty of the lesser crime of manslaughter in the first degree and not guilty of criminal possession of a weapon in the third degree. Although defendant objected that the verdicts were inconsistent, County Court declined to resubmit the manslaughter charge to the jury. Defendant was thereafter sentenced to an indeterminate term of 4 to 12 years' imprisonment. This appeal by defendant followed and we now affirm.

Defendant's principal contention on appeal is that the jury's verdict was repugnant and should be overturned. According to defendant, by finding him not guilty of criminal possession of a weapon in the third degree the jury must have necessarily found that his use of the knife was lawful and justified. Therefore, it was inconsistent for it to find him guilty of manslaughter in the first degree since lack of justification is an element of that crime. We cannot agree with this interpretation. A verdict as to a particular count will only be set aside when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury. Review of the entire trial record in a speculative attempt to divine the jury's collective thought process in weighing the evidence is inappropriate *(People v Tucker,* 55 NY2d 1, 7-8).

Here, our review of the jury charge confirms that the verdict was not inherently inconsistent *(see, People v Reed,* 140 AD2d 881). County Court charged that, in order to be found guilty of manslaughter in the first degree, the jury had to find that defendant without justification and with the intent to cause serious physical injury stabbed Bryant through the heart with a knife. To be guilty of criminal possession of a weapon in the third degree the jury would have had to find that defendant possessed a dangerous instrument with the intent to use it unlawfully against Bryant. Clearly, the ele-

ments of these two crimes are not identical *(see, People v Garcia,* 72 AD2d 356, *affd* 52 NY2d 716) and the inconsistency alleged by defendant is a strained one. There is a rational theory to support each verdict *(supra)*. Significantly, defendant testified at trial that he carried the knife with him to work on paydays and he also carried it to use at his job in a hotel pantry where he made salads. Accordingly, consistent with County Court's charge, the jury could have found that defendant initially had lawful possession of the knife but when the altercation with Bryant ensued, defendant then used the knife offensively beyond the permissible limits of self-defense *(see, supra,* at 361; *see, People v Torres,* 88 AD2d 627). The jury's verdicts are rationally reconcilable and can stand together consistently. To reach the result urged by defendant would require us to unnecessarily speculate as to the jury's mental processes.

The remaining issues raised by defendant, including his attempt to invoke the doctrine of collateral estoppel, have been examined and have been found to be without merit.

Judgment affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.