■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIELLE HAMMET KRONBERG, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNNE SPEED, Appellant. [716 NYS2d 653] —Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered July 13, 1998, convicting defendant Kronberg, after a jury trial, of scheme to defraud in the first degree, and sentencing her to a term of five years probation, unanimously affirmed. Judgment, same court and Justice, rendered April 5, 1990, convicting defendant Speed, after a jury trial, of the same crime, and sentencing her to a prison term of six months, five years probation and $16,000 in restitution, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the prison term, and otherwise affirmed.

The verdict acquitting defendants of conspiracy in the fifth degree and convicting them of scheme to defraud in the first degree was not repugnant, and the court properly denied defendants' objection to the verdict made on that basis. The fact pattern is outlined in our prior decision in this case (*People v Kronberg*, 243 AD2d 132, *lv denied* 92 NY2d 880). Contrary to defendants' argument, the theory that defendants acted in concert was not identical to conspiracy (*see, People v McGee*, 49 NY2d 48, *cert denied sub nom. Waters v New York,* 446 US 942). As the court instructed the jury, the crime of conspiracy included elements not present in scheme to defraud, and these instructions provided the jury with various bases, logical or otherwise, upon which it could have reached its verdict, including, *inter alia*, that defendants acted in concert without forming an agreement to do so (*see, People v Lurcock*, 219 AD2d 797, *lv denied* 88 NY2d 881; *People v Kellogg*, 210 AD2d 912,

913, *lv denied* 86 NY2d 737), or that each defendant acted alone. It is settled law that repugnancy is analyzed solely on the basis of the court's instructions, and not on whether a reasonable view of the evidence supported the mixed verdict (*People v Tucker*, 55 NY2d 1).

Defendant Kronberg was not deprived of her right to a speedy trial. Originally, there were numerous defendants joined for trial in this case. On May 23, 1988, the People declared their readiness as to a codefendant whose case was to be severed and tried first. Although neither Kronberg nor her attorney was present in court at the time of the adjournment, various other defendants with whom Kronberg remained joined for trial agreed to this arrangement. Accordingly, the adjournment was properly found to be excludable (*see, People v David*, 253 AD2d 642, 646, *lv denied* 92 NY2d 948). Kronberg's claim that the People's declaration of readiness as to the codefendant on May 23 was illusory is speculative and unsupported by the record (*see, People v Acosta*, 249 AD2d 161, *lv denied* 92 NY2d 892). We have considered and rejected Kronberg's remaining speedy trial contentions, including her constitutional claim (*see, People v Taranovich*, 37 NY2d 442).

By failing to request, or object to the absence of, a jury instruction on the issue of geographical jurisdiction, defendant Speed waived that issue (*see, People v Greenberg*, 89 NY2d 553), and we decline to review in the interest of justice. To the extent that Speed's motion for a trial order of dismissal on the ground of insufficient evidence supporting venue in New York County could be deemed to have preserved the issue (*see, People v Pilgrim*, 52 NY2d 730; *but see, People v Dekle*, 56 NY2d 835), we conclude that the People established such jurisdiction by a preponderance of the evidence. The occurrence in New York County of material banking activity, as well as acts by persons with whom Speed acted in concert, satisfied the statutory venue requirement (CPL 20.40; Penal Law § 190.65 [1] [a]). We have considered and rejected Speed's remaining arguments on the venue issue.

We find defendant Speed's sentence excessive to the extent indicated.

Defendant Speed's remaining contentions are unpreserved for lack of timely and specific protest, and we reject her various arguments that many of these claims were preserved in some indirect, vicarious or other manner, or that objection would have been futile. Were we to review these unpreserved claims in the interest of justice, we would find that they do not warrant reversal. Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Saxe, JJ.