(July 11, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOTO, Appellant. [745 NYS2d 159] —Judgment, Supreme Court, Bronx County (Robert Seewald, J.), rendered March 25, 1999, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 18 years to life, unanimously reversed, on the law, the conviction vacated and the indictment dismissed. The matter is remitted to the trial court for the

purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

As the employees of a pizzeria were closing up for the night, defendant approached the window counter and asked for the manager. When he was told that the boss was not available, defendant climbed into the window. He had a brown paper bag covering his right hand and he was holding a plastic bag in his left hand. While in the pizzeria, he told the employees that they had to give him the money in the cash register or he would shoot them. At this time, he had his right hand, which was covered by the paper bag, extended and pointing at the employees. However, as he was collecting the money, the paper bag slipped off his hand, revealing that he was not carrying a gun. An altercation ensued, from which defendant fled. He was later apprehended by the police.

The four counts in the indictment submitted to the jury were second degree burglary, third degree burglary, second degree robbery, and third degree robbery. As relevant to defendant's repugnancy argument, the court charged the jury that in order to find the defendant guilty of second degree burglary, they must conclude that "he knowingly enter[ed] unlawfully in a building with intent to commit a crime therein and when effecting or while in the building he displayed what appear[ed] to be a pistol, revolver, or firearm," and that the only difference between second and third degree burglary is that third degree burglary does not require the "display" element. The court further instructed the jury that in order to find the defendant guilty of second degree robbery, they must conclude that "he forcibly [stole] property and when in the course of the commission of the crime he display[ed] what appear[ed] to be a pistol or revolver or other firearm."

In contravention of the court's express instructions, that upon a finding of guilty on one of the second degree offenses, it should stop its deliberations, and of a verdict sheet instructing that upon a finding that defendant was guilty of second degree robbery it should "stop" its deliberations, the jury returned a verdict finding the defendant not guilty of second degree burglary, guilty of second degree robbery, and guilty of third degree burglary.

Before the jury was dismissed, the attorneys held an unrecorded sidebar discussion, during which defense counsel raised the issue of the repugnancy of the verdict. The court rejected

defense counsel's challenge, accepted the verdict, and discharged the jury. Defense counsel then made a CPL 330.30 (1) motion to set the verdict of robbery in the second degree aside on the ground that it was inconsistent with the third degree burglary conviction. The court dismissed the third degree burglary conviction, and sentenced the defendant to 18 years to life on the second degree robbery count.* This was error.

Defendant's repugnancy challenge was sufficiently preserved, because the trial court made clear that the error had been brought to its attention in the unrecorded sidebar before the jury was discharged (CPL 470.05 [2]). Further, examining the elements of second degree burglary and second degree robbery, as they were described to the jury in the above-referenced charge (see, People v Tucker, 55 NY2d 1, 7), the jury's finding that the defendant was not guilty of second degree burglary but nevertheless guilty of third degree burglary cannot be factually reconciled with its finding that the defendant committed second degree robbery (see, People v Loughlin, 76 NY2d 804). By acquitting defendant of second degree burglary but convicting him of third degree burglary, the jury necessarily concluded that defendant did not display what appeared to be a weapon at any time while he was in the pizzeria, given the court's charge as to the sole difference between the burglary charges. However, it convicted defendant of second degree robbery, which, as instructed, required a finding that defendant displayed what appeared to be a weapon during the robbery. These findings are "internally self-contradictory both logically and pursuant to the charge of the court" (People v Carbonell, 40 NY2d 948, 948). Because the inconsistency was initially raised before the jury was dismissed, it was the responsibility of the court to instruct the jury to return for deliberations consistent with the verdict sheet (CPL 310.50 [2]). Because it failed to do so, we are constrained to vacate the conviction and dismiss the indictment. Concur—Williams, P.J., Tom, Mazzarelli, Ellerin and Marlow, JJ.

---

* In dismissing the third-degree burglary count, the court relied upon Allison v United States (409 F2d 445 [DC Cir 1969]). On appeal, the People argue that Allison is controlling. However, the motion court and the People's reliance upon Allison is misplaced because Allison involves a totally different procedural context and a body of law concerning repugnancy that is not comparable to New York law.