(October 12, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS HINDS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT ST. ROSE, Appellant. [908 NYS2d 397]—

Judgments, Supreme Court, New York County (Carol Berkman, J.), rendered November 2, 2006, convicting each defendant, after a jury trial, of grand larceny in the first degree, grand larceny in the second degree (four counts), grand larceny in the third degree (seven counts), forgery in the second degree (seven counts), criminal possession of a forged instrument in the second degree (eight counts), identity theft in the first degree (six counts) and scheme to defraud in the first degree, and sentencing defendant Hinds to an aggregate term of 10 to 25 years and sentencing defendant St. Rose to an aggregate term of 12½ to 25 years, unanimously modified, on the law, to the extent of vacating the convictions of first degree grand larceny, and dismissing that count as to both defendants, and otherwise affirmed.

Defendants oversaw an extensive enterprise in which they stole people's identities, opened fraudulent bank accounts in the victims' names, and transferred money from the victims' legitimate bank accounts to the fraudulent ones they controlled. The indictment alleged, among other things, eight incidents of grand larceny in the second and third degrees, based upon the transfer of funds from five separate legitimate bank accounts into five separate fraudulent accounts, after which the stolen funds were withdrawn. The indictment also alleged three instances of grand larceny in the second degree, based upon the deposit of stolen checks issued to an advertising firm into a fraudulent account defendants had opened in the firm's name in order to steal the funds.

Count one of the indictment charged defendants with grand larceny in the first degree which requires that the stolen property's value exceed $1 million (Penal Law § 155.42). Defendants contend that their convictions for first degree grand larceny should be vacated because the prosecution achieved the statutory monetary threshold by improperly aggregating the amounts taken from five individuals on eight different occasions and one advertising firm on three different occasions. The People assert that aggregation was proper because defendants' thefts were made "pursuant to a single intent and one general fraudulent plan" (*People v Cox*, 286 NY 137, 145 [1941]).

In *Cox*, the Court of Appeals held that aggregation was permissible and "that the People may prosecute for a single crime a defendant who, pursuant to a single intent and one general fraudulent plan, steals in the aggregate as a felon and not as a petty thief" (*id.*).

We find that the record does not support the People's theory. Defendants stole money from the bank accounts of five individuals after creating fraudulent checking accounts in the victims' names. They also fraudulently opened a bank account in an advertising firm's name, and then deposited checks stolen from that firm and withdrew the funds. The transactions that the prosecution sought to aggregate occurred in different boroughs over several months and in a variety of ways, including ATM withdrawals, clothing purchases, and a wire transfer of funds to a jewelry store. Thus, as the thefts in issue did not occur at the same time and place, and were not otherwise shown to have been committed pursuant to a single intent and a common fraudulent scheme, we conclude that the first count of the indictment charging defendants with grand larceny in the first degree must be dismissed.

Defendants argue that many of the counts in the indictment must be dismissed because the trial court lacked geographic jurisdiction. It is well settled that a "defendant has the right at common law and under the State Constitution to be tried in the county where the crime was committed unless the Legislature has provided otherwise" (*People v Ribowsky*, 77 NY2d 284, 291 [1991]). However, "unlike territorial jurisdiction which goes to the very essence of the State's power to prosecute and which may never be waived[,] questions relating only to the proper place for the trial are waivable" (*People v McLaughlin*, 80 NY2d 466, 471 [1992]). "Failure to request a jury charge on venue . . . amounts to waiver" (*People v Greenberg*, 89 NY2d 553, 556 [1997]). Although, in their motion to dismiss at the close of the People's case, defendants argued that the court lacked jurisdic-

tion as to the fraudulent bank accounts opened in Brooklyn, they failed to request a jury charge on this issue. Defendants thus waived the issue (*see id.*; *People v Kronberg*, 277 AD2d 182, 183 [2000], *lv denied* 96 NY2d 785 [2001]), and we decline to review it in the interest of justice.

We find that St. Rose did not preserve his claim that the court's fact-finding procedures were inadequate to establish that he was malingering, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We conclude that there exists record support for the court's determination that St. Rose waived or forfeited his right to be present during a portion of the trial (*see People v Cooks*, 28 AD3d 362 [2006], *lv denied* 7 NY3d 787 [2006]).

We perceive no basis for reducing the sentences on the remaining convictions.

We have considered and rejected defendants' remaining claims. Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.