■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS CLARKSON, Appellant. [910 NYS2d 810]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered November 18, 2008. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child (two counts) and course of sexual conduct against a child in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]) and two counts of endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the verdict is repugnant insofar as the jury found him guilty of course of sexual conduct against a child and acquitted him of 23 counts of sexual abuse in the first degree under Penal Law § 130.65 (3) with respect to the same victim (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Haberer, 24 AD3d 1283, 1284 [2005], lv denied 7 NY3d 756, 848 [2006]). In any event, that contention is without merit inasmuch as each of the 23 counts of sexual abuse alleged that the abuse occurred within a specified one-week period, while the single count of course of sexual conduct against a child alleged only that two or more acts of sexual conduct were committed over a period of time "not less than three months in duration, namely between October 6, 2006 and January 5, 2007." We further reject defendant's contention that County Court abused its discretion in refusing to admit evidence that an individual who was dating the victim's mother during the relevant time period had been convicted of a sex

crime in 2005. " 'While evidence tending to show that another party might have committed the crime would be admissible, before such testimony can be received there must be such proof of connection with it, such a train of facts or circumstances as tend clearly to point out someone besides the [defendant] as the guilty party' " (*People v Schulz*, 4 NY3d 521, 529 [2005], quoting *Greenfield v People*, 85 NY 75, 89 [1881]). " 'Remote acts, disconnected and outside of the crime itself, cannot be separately proved' to show that someone other than the defendant committed the crime" (*id.*). We conclude under the circumstances of this case that proof of the conviction of the individual dating the victim's mother would have caused "undue delay, prejudice and confusion" (*id.*).

The court also properly refused to allow defendant to "introduce extrinsic evidence on a collateral matter solely to impeach [the] credibility" of the victim (*People v Alvino*, 71 NY2d 233, 247 [1987]; *see People v Simmons*, 21 AD3d 1275 [2005], *lv denied* 6 NY3d 781 [2006]), i.e., unfounded reports made by the victim to Child Protective Services (*see* Social Services Law § 412 [6]). Contrary to defendant's contention, the People did not fail to turn over *Brady* material in a timely manner. Even assuming, arguendo, that the material at issue was exculpatory, we note that defendant received it "as part of the *Rosario* material provided to him and was given a meaningful opportunity to use the exculpatory evidence" (*People v Middlebrooks*, 300 AD2d 1142, 1143-1144 [2002], *lv denied* 99 NY2d 630 [2003]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction. Furthermore, viewing the evidence in light of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, we conclude that defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and that the sentence is not unduly harsh or severe. Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.