■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VARGUS, Appellant. [915 NYS2d 28]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered March 17, 2009, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and assault in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The prosecution presented credible evidence establishing the element of unlawful intent, and we reject defendant's arguments to the contrary.

The court properly concluded that the jury verdict acquitting defendant of second-degree assault while convicting him of third-degree assault and third-degree weapon possession was not repugnant (*see People v Tucker*, 55 NY2d 1 [1981]). "It is settled law that repugnancy is analyzed solely on the basis of the court's instructions, and not on whether a reasonable view of the evidence supported the mixed verdict" (*People v Kronberg*, 277 AD2d 182, 183 [2000], *lv denied* 96 NY2d 785 [2001]). Since, under the court's charge, the jury could have found that defendant possessed a dangerous instrument that he intended to use unlawfully, but that he injured the victim without using it, the verdict was not repugnant, irrespective of whether such a theory had any evidentiary support (*see People v Robinson*, 60 AD3d 463 [2009]). In any event, under the evidence adduced at trial, the jury could have reasonably concluded that defendant sought to injure the victim by striking him with the object, but actually injured him by kicking him in the face. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.