OPINION OF THE COURT
Peter J. Benitez, J.
Defendant was tried before this court and a jury and found guilty of sexual abuse in the second degree, criminal sexual act in the first degree and endangering the welfare of a child. Defendant has moved to set aside the verdicts.
Defendant moves to set aside the verdicts on several grounds. Defendant contends that the verdicts of guilty on sexual abuse in the second degree and criminal sexual act in the first degree are repugnant to other verdicts of the jury and further that those verdicts violate his protection against double jeopardy. De *481 fendant also maintains that those counts are multiplicitous to other counts and should have been dismissed rather than being submitted to the jury. Defendant further contends that the verdict on endangering the welfare of a child was not supported by legally sufficient evidence. Finally, defendant submits that the court erred in granting the People’s motion in limine which defendant contends prevented him from introducing admissible evidence of third-party culpability. The People oppose defendant’s motion.
The Charges Submitted and the Jury’s Verdicts
Defendant was accused of sexual abuse of his girlfriend’s daughter. After both sides rested it was agreed that only certain counts of the indictment would be submitted to the jury. Accordingly, the submitted counts were renumbered ad seriatim and the count numbers as submitted to the jury are used here.
Count one charged course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]). Count two charged the lesser included offense of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]). The jury was instructed to consider count two only if it found defendant not guilty of count one. Count three charged sexual abuse in the second degree (Penal Law § 130.60 [2]). Count four charged criminal sexual act in the first degree (Penal Law § 130.50 [4]). Count five charged endangering the welfare of a child (Penal Law § 260.10 [1]). The jury was instructed that, regardless of its verdicts as to counts one and two, it should also consider counts three, four and five. The jury found defendant not guilty of counts one and two and guilty of counts three, four and five.
Before the jury was polled or discharged, defendant’s attorney asserted that the verdicts were inconsistent and repugnant. Ultimately, after extended discussion and argument the court rejected defendant’s objection to the verdicts and accepted the verdicts.[2] The jury was polled and then discharged. Now, in the instant motion defendant renews the objection to the jury’s verdicts and asks that the court set them aside.
*482 Defendant argues that the conduct constituting both counts three and four, without any additional facts, would constitute count one and, therefore, also count two, a lesser included offense of count one. Accordingly, defendant asserts that the jury’s acquittal on both counts one and two necessarily negates proof of one or more of the acts required for conviction of counts three or four. Specifically, defendant contends that if the jury did not find proof of at least two or more acts of sexual conduct over a period of time not less than three months in duration, which included at least one act of oral sexual conduct, it could not have convicted defendant on both counts three and four, as those counts, when combined, required proof of one act of oral sexual conduct and one act of sexual contact which were separated by more than three months.[3]
The People assert that the crimes of course of sexual conduct in the first and second degree each require proof of conduct be *483 yond that required for each crime for which defendant was found guilty, whether the elements of those crimes on which he was found guilty are considered separately or combined. Accordingly, the People argue that the verdicts are not inconsistent or repugnant.
The Law of Inconsistent and Repugnant Verdicts
Under New York law, verdicts are inconsistent or repugnant where the jury has found the defendant guilty of a crime on which, by its verdict of not guilty on another crime, it has implicitly found the defendant did not commit one or more essential element. (People v Loughlin, 76 NY2d 804 [1990].) “Whether verdicts are repugnant or inconsistent ... is determined by examining the charge to see the essential elements of each count, as described by the trial court, and determining whether the jury’s findings on those elements can be reconciled.” (Id. at 806, citing People v Tucker, 55 NY2d 1, 6-7 [1981].) That determination of legal consistency turns on an evaluation of the elements of the offenses as charged in the court’s instructions to the jury, not on an evaluation of the evidence presented. (See People v Green, 71 NY2d 1006, 1008 [1988].) “It is settled law that repugnancy is analyzed solely on the basis of the court’s instructions, and not on whether a reasonable view of the evidence supported the mixed verdict.” (People v Vargus, 79 AD3d 526, 527 [1st Dept 2010], quoting People v Kronberg, 277 AD2d 182, 183 [1st Dept 2000], lv denied 96 NY2d 785 [2001].) Additionally, if the court’s instructions “provided the jury with various bases, logical or otherwise, upon which it could have reached its verdict,” the verdicts are not inconsistent or repugnant. (People v Kronberg at 182.)[4]
*484 In this case the jury could find defendant not guilty of both counts one and two and find defendant guilty of count three or count four without raising any issue of inconsistent verdicts because counts one and two required, at a minimum, multiple acts of sexual conduct and counts three and four each required only one act. Accordingly, a further question is whether the combined elements of two counts can be considered in determining whether the jury’s verdicts on those counts are inconsistent with its verdict on another count.
In People v Soto (296 AD2d 328, 330 [1st Dept 2002], lv denied 98 NY2d 732 [2002]), the Court considered the jury’s verdicts on three counts and held:
“the jury’s finding that the defendant was not guilty of second degree burglary but nevertheless guilty of third degree burglary cannot be factually reconciled with its finding that the defendant committed second degree robbery (see, People v Loughlin, 76 NY2d 804). By acquitting defendant of second degree burglary but convicting him of third degree burglary, the jury necessarily concluded that defendant did not display what appeared to be a weapon at any time while he was in the pizzeria, given the court’s charge as to the sole difference between the burglary charges. However, it convicted defendant of second degree robbery, which, as instructed, required a finding that defendant displayed what appeared to be a weapon during the robbery. These findings are ‘internally self-contradictory both logically and pursuant to the charge of the court.’ ”
Accordingly, a court may consider the elements of more than just two counts on which the jury rendered verdicts in determining whether the jury’s verdicts are inconsistent.
In the instant case the jury was instructed, to the extent relevant to the determination of the issue presented, that count one required that the People prove that, “over a period of time not less than three months in duration,” the defendant engaged in two or more acts of sexual conduct and that at least one act have been oral sexual conduct. The jury was instructed that count two required that the People prove that, “over a period of time not less than three months in duration,” the defendant engaged in two or more acts of sexual conduct, but no particu *485 lar type of sexual conduct was specified. Additionally, as to both counts one and two the jury was instructed that the People were required to prove that the victim was “less than thirteen years old” during the period of time charged. (See Penal Law § 130.75 [1] [b]; § 130.80 [1] [b].) On the other hand the jury was instructed that count three required that the People prove that “on or about” a specific date the defendant subjected a person to sexual contact and that such other person was less than 14 years old. (See Penal Law § 130.60 [2].) The jury was instructed that count four required that the People prove that “on or about and between” certain dates (a four-day period) the defendant engaged in oral sexual conduct with a person who was less than 13 years old. (See Penal Law § 130.50 [4].)
According to those instructions the jury could find the defendant guilty of both counts three and four and not guilty of both counts one and two and those verdicts would not be inconsistent or repugnant. The verdicts would not be inconsistent or repugnant because, pursuant to the elements as charged, the victim could have been beyond her thirteenth birthday yet not 14 on the date charged in count three. That age element, as charged, did not require that the victim be less than 13 at the time of the sexual conduct as required for both counts one and two. The combined acts in counts three and four, as charged to the jury, therefore, would not have constituted all the elements required for a verdict of guilty on counts one or two.
The fact that the victim was in fact less than 13 years old at the time of the acts charged in both counts three and four and that the date charged in count three was in fact earlier than the date charged in count four (meaning the victim could not in fact have been both older than 13 but less than 14 at the time of count three and less than 13 at the time of count four) is irrelevant to the legal analysis. (See People v Tucker, supra; People v Loughlin, supra; People v Green, supra; People v Kronberg, supra; People v Vargus, supra.)
Additionally, the jury’s verdicts were not inconsistent or repugnant for a separate reason. Count three as charged required that the People prove a single act on a specific date. Count four as charged required that the People prove a specific act on a date within a four-day period. Furthermore, the specific acts charged in counts three and four were separated by 16 months. Counts one and two as charged, on the other hand, required that the People prove that multiple sexual acts were committed “over a period of time not less than three months in *486 duration” between two dates separated by almost 20 months. While this “over a period of time” element was not defined in the court’s charge, the jury could have understood it to require, given its plain meaning, a consistent course or pattern of conduct during that extended period of time. The time period element for counts one and two, therefore, required proof of facts beyond that required for either or both counts three and four.
A similar, but reverse, situation was presented in People v Clarkson (78 AD3d 1573 [4th Dept 2010]), where defendant was found guilty of a count of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]) and acquitted of 23 counts of sexual abuse in the first degree (Penal Law § 130.65 [3]). There, the Court held that defendant’s contention that the verdict was repugnant was without merit:
“inasmuch as each of the 23 counts of sexual abuse alleged that the abuse occurred within a specified one-week period, while the single count of course of sexual conduct against a child alleged only that two or more acts of sexual conduct were committed over a period of time ‘not less than three months in duration, namely between October 6, 2006 and January 5, 2007.’ ” (78 AD3d at 1573.)
Accordingly, as counts one and two, as charged to the jury, each required proof of facts beyond that required for either count three or four and additionally required proof of facts beyond that required for a combination of the elements of counts three and four, the jury’s guilty verdicts for counts three and four, in order to be consistent with its other verdicts, did not require a guilty verdict for counts one or two. Additionally, the not guilty verdicts for counts one and two did not necessarily negate any of the required elements of counts three or four.
The Court’s Ruling on Third-Party Culpability Evidence
Defendant contends that the court erred in granting the People’s motion in limine which prevented defendant from introducing certain evidence relating to the complainant’s natural father. Defendant asserts that this evidence was properly admissible as “third party culpability” evidence. The court adheres to its rulings made during the trial and adds the following.
Defendant sought to introduce evidence that (1) complainant’s father had been previously convicted of an unspecified sexual *487 offense involving a young woman; (2) that he had been accused of molesting the complainant’s aunts when they were young; and (3) that, after complainant’s unsupervised overnight visitation with the father, the complainant’s mother would question her about whether anyone had inappropriately touched her.
Evidence of third-party culpability does not constitute “a special or exotic category of proof.” (People v Primo, 96 NY2d 351, 356 [2001].) Rather, the test of admissibility is that which is generally applied to evidence sought to be admitted to prove a material fact, i.e., is it relevant and does its probative value outweigh countervailing risks. (People v Primo at 356-357.) In reaffirming this standard of admissibility the Court cautioned against admitting evidence of “ ‘[r] emote acts, disconnected and outside of the crime itself to prove that someone else is the guilty party.” (People v Primo at 357, quoting Greenfield v People, 85 NY 75, 89 [1881].) The Court also endorsed the “clear link” standard previously utilized by various Appellate Divisions provided that standard was an abbreviation or shorthand for the “conventional balancing test.” (People v Primo at 356 [noting that those earlier decisions employing the clear link formulation would have likely been decided the same way under the balancing test].)
The relevancy of proffered evidence in terms of its probative value turns on what fact the evidence seeks to prove or disprove. As its characterization suggests, most often “third-party culpability” evidence is offered by the defendant on the factual issue of the identity of the actual perpetrator of the crime for which the defendant is accused. In this case there is was no claim of mistaken identification or confusion as the complainant clearly knew whether or not defendant had sexually abused her. Rather, defendant’s theory was that the complainant’s accusation against him, whether motivated by anger, manipulation or some other factor, was simply knowingly false.
In People v Aulet (111 AD2d 822 [2d Dept 1985]), a pre-Primo case, the Court held that the propensity of another person to commit crimes similar to the crime charged and the opportunity for that other person to have committed the charged crime was not probative of that third person’s culpability of the crime charged. There, defendant was charged with arson and his girlfriend testified that her son had set the fire. The Court affirmed the trial court’s decision to preclude defendant from calling other witnesses who would assert that the girlfriend’s son had set fires on other occasions.
*488 There are few reported decisions in New York which address third-party culpability evidence in cases of sexual or other child abuse through a detailed analysis of the facts proffered.
People v Clarkson (supra), citing People v Schulz (4 NY3d 521, 529 [2005]), and that Court’s quote of Greenfield v People (supra), concerning the test of relevancy and the lack of relevancy of “[r]emote acts, disconnected and outside the crime itself,” held that evidence proffered by the defendant that a person who was dating complainant’s mother during the period of the charged sexual abuse had been previously convicted of a sex crime was properly precluded. Contrast a Connecticut case, State v Arroyo (284 Conn 597, 935 A2d 975 [2007]). There, the court, employed a standard of relevancy and probative value similar to that of People v Primo (supra), and held that a third-party culpability instruction should have been given to the jury. The complainant, a five year old at the time of the crime, accused her godfather of sexual abuse. The defendant contended that she had fabricated the allegation to protect her father. The court summarized the principal evidence of third-party culpability as follows:
“[Testimony — that the victim had a secret that concerned the part of her body between her belly button and her genital area, a secret that she shared with her father, a secret that was about the fact that she and her father engaged in secret games together, a secret that she was ashamed to tell, a secret that she was afraid to tell because her mother had told her not to tell anyone, a secret that made her nervous when she talked about it — does more than raise a bare suspicion. It suggests a direct connection between the father and the sexual assaults of the victim. This testimony presents the type of third party culpability evidence that would permit a jury, if it had doubt about the credibility of the victim’s testimony and the rest of the state’s case, to conclude that a reasonable doubt existed as to whether the defendant, rather than the victim’s father, committed the crimes.” (State v Arroyo, 284 Conn at 611-612, 935 A2d at 985.)
The case of State v Arroyo (supra) illustrates that evidence of another person’s conduct involving the complainant, as established through the complainant’s own statements, which could be understood as referring to the same acts she alleged had been committed by the defendant, could logically lead to *489 the conclusion that she was falsely attributing her father’s acts to the defendant.
In the instant case, the evidence offered by defendant did not tend to establish that the complainant’s father had committed the acts of sexual abuse for which he was charged and that the complainant was falsely attributing to defendant the acts of her father. Rather, the proffered evidence was simply propensity evidence relating to a third party, and was remote and disconnected to the complainant and the acts with which defendant was charged.
Additionally, defendant’s proffer to elicit from the complainant and her mother that they had heard allegations that complainant’s father had molested the mother’s sisters constituted an improper attempt to establish a fact by rumor, innuendo and hearsay. Likewise, defendant’s proffer to elicit from complainant’s mother and from defendant that, because of complainant’s father’s past history and the allegations of other abuse, she was fearful that complainant’s father might be sexually abusing her and therefore questioned complainant about whether anyone had touched her after she returned from overnight visits with her father, was not probative of whether her father had in fact sexually abused her. (See State v Provost, 49 Conn App 56, 713 A2d 879 [1998], affd 251 Conn 252, 741 A2d 295 [1999].)
Defendant’s Other Claims
Defendant contends that the counts charging him with specific acts of sexual abuse are multiplicitous with the counts charging a course of sexual conduct which conduct includes those separately charged acts. First, that claim is waived as it was not previously raised prior to trial. Second, a count is not multiplicitous if it requires proof of an additional fact not required by the other count. (See People v Alvarez-Hernandez, 2002 NY Slip Op 50381[U] [Westchester County Ct 2002].) The counts of course of sexual conduct against a child clearly require additional facts beyond the counts which charge a specific act of sexual conduct in that the course of sexual conduct counts require more than one act.
Defendant’s claim that the jury’s verdicts of guilty to two counts which alleged acts that were included in the period of time stated in the counts charging course of sexual conduct against a child on which the jury found defendant not guilty violated Penal Law § 130.75 (2) has no merit. That section, *490 which precludes a subsequent prosecution for sexual acts committed during the period charged in a count of course of sexual conduct, does not prohibit a simultaneous prosecution for such crimes. (See People v Vanlare, 77 AD3d 1313 [4th Dept 2010] [disavowing the contrary statement concerning Penal Law § 130.75 (2) in People v Merrill (55 AD3d 1333 [4th Dept 2008], lv denied 11 NY3d 928 [2009])].)
Defendant’s claim that the jury’s verdict convicting him of endangering the welfare of a child is not supported by legally sufficient evidence is without merit. The two specific acts for which defendant was found guilty by the jury’s other verdicts, by themselves, are acts sufficient to constitute endangering the welfare of a child.
Wherefore: defendant’s motions are in all respects denied.

. Defendant’s motion arguing that the verdicts are repugnant recites some of the proceedings that occurred between the jury’s initial announcement of its verdicts by the foreperson and the court’s decision to accept the jury’s verdicts as so announced. A complete recitation of those proceedings is unnecessary to the determination of defendant’s instant motion. However, it should be noted that four hours passed between the jury’s initial report of its verdicts and the court’s decision to accept the announced verdicts. During that time there were extensive off-the-record and on-the-record discussions *482 about the verdict, followed by the lunch recess, during which both sides and the court had an opportunity to reflect on the verdicts and research the law. The jury was not discharged and was just told that there was a legal matter that the court needed to discuss with the attorneys. The jury was not told that the matter related to its verdicts, but rather, was simply instructed to wait in the jury room and not to discuss the case.
Additionally, before the lunch recess, the court noted on the record that it believed the verdicts were repugnant if not for the age of the victim elements of the offenses. Over the lunch recess the court considered what instruction it would give to the jury if it ruled that the verdicts were repugnant. In considering its instructions, the court considered the statutory requirement that it must “explain the defect or error” to the jury and direct that it reconsider its verdict and resume its deliberating for the purpose of rendering a proper verdict. (CPL 310.50 [2].) At that time the court believed that if it did not accept the jury’s announced verdicts it would have to explain that, apart from the age of the victim elements, a verdict of guilty on both counts three and four would require a verdict of guilty on count one.
After the lunch recess, and before proposing an instruction to be given to the jury, the court asked whether either party had changed its position from the pre-recess discussion. The People continued to argue that the jury’s verdicts were not repugnant because of the different age of the victim elements and the period of time elements, both of which will be addressed below. The court noted that it had perceived prior to the lunch recess that the age elements distinguished the counts, but had believed that the People did not want to rely on that distinction. The People now stated that they did want to rely on those distinctions, among others. When the court stated that the elimination of the age of the victim requirement from the elements of the offenses would necessitate an instruction that verdicts of guilty on both counts three and four would require a verdict of guilty on count one, defense counsel stated that she would oppose such an instruction. After further argument about the verdicts the court ruled that the verdicts were not repugnant.

. Oral sexual conduct and sexual contact constitute sexual conduct. (Penal Law § 130.00 [10].)

. Defendant contends that the court must find a “rational theory” for the jury’s different verdicts in order for the verdicts to survive a challenge of inconsistency. (Defendant’s mem of law at 11, citing People v Leon, 163 AD2d 740 [3d Dept 1990], lv denied 77 NY2d 879 [1991].) Defendant then engages in a factual analysis of the evidence relating to the crime commission dates alleged and the age of the victim, concluding that factually the victim had to he less than 13 at the time of the conduct charged in each count. Defendant, however, does not analyze the elements of the offenses as charged to the jury. Indeed, in People v Leon (supra), the jury found the defendant guilty of manslaughter in the first degree and not guilty of unlawful possession of the weapon used to cause the victim’s death. The Court noted the differences in the manslaughter instruction, which required the absence of justification, and the weapons possession instruction, which required that the weapon be possessed with the intent to use it unlawfully. The Court found that, under those *484 instructions, the jury could find that the defendant’s intent was to use the weapon in self-defense and, therefore, lawfully, but that its actual use was not justified, in that excessive force was used in self-defense.