■ The People of the State of New York, Respondent, v Taryn Miller, Appellant. [45 NYS3d 1]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered December 18, 2013, convicting defendant, after a jury trial, of grand larceny in the first degree, and sentencing her to a term of three to nine years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant argues that her conviction was based on the improper aggregation of the amounts of five separate thefts to reach the one million dollar property value threshold for grand larceny in the first degree (Penal Law § 155.42). In each instance, defendant acted in concert with the bookkeeper for the Kings County Public Administrator who had devised a method for generating fraudulent checks made payable to accomplices and camouflaging the unauthorized disbursements in the Public Administrator's record system. Defendant's role in the scheme included recruiting relatives, friends or acquaintances to receive the fraudulent checks, delivering the checks, and coordinating the

distribution of the stolen funds by instructing the recipients, who were allowed to keep some of the proceeds for themselves, to issue bank checks, make bank transfers, or withdraw and pay large sums of cash to other people—most often defendant herself.

Multiple thefts from the same owner may be aggregated only if a defendant acted "pursuant to a single, sustained, criminal impulse and in execution of a general fraudulent scheme" (*People v Cox*, 286 NY 137, 142 [1941]; *see also People v Rossi*, 5 NY2d 396 [1959]). Defendant argues that aggregation was improper here both because the multiple thefts were from different "owners" for purposes of aggregation, and because, even if the Public Administrator was the same owner, the evidence was legally insufficient to prove that the thefts involved a unitary fraudulent scheme, rather than separate and independent impulses.

The Public Administrator administers the estates of intestate decedents lacking heirs willing and able to act in that capacity, and is therefore, for the purpose of determining whether a larceny occurred, an "owner" of the estates under the Penal Law, which defines stealing as the wrongful taking, obtaining, or withholding of property from an "owner thereof" (Penal Law § 155.05 [1]), and defines "owner thereof" as "any person who has a right to possession . . . superior to that of the taker, obtainer or withholder" (Penal Law § 155.00 [5]). However, defendant urges that when the issue is aggregation, a different definition of "owner" should control, requiring that the owner be the "real" or "ultimate" owner, and excluding an entity that exercises a custodial function over the property of others from qualifying as the "same owner."

We see no compelling reason, based on legislative intent or otherwise, for looking behind the statutory definition of owner when assessing whether aggregation is warranted. Nor do we find any support in case law for such an approach. In particular, *People v Hinds* (77 AD3d 429 [1st Dept 2010], *lv denied* 15 NY3d 953 [2010]), on which defendant relies, does not support her argument on this issue. *Hinds* was decided on the ground that the multiple thefts at issue there were not the product of a "single intent and one general fraudulent plan" (*id.* at 430). The question whether a bank, where all of the individual looted accounts were located, was the "same owner" for purposes of aggregation was neither litigated by the parties nor decided by this Court. Accordingly, as to this particular issue, *Hinds* lacks precedential effect (*see e.g. Texas v Cobb*, 532 US 162, 169 [2001]; *People v Louree*, 8 NY3d 541, 546 n [2007]).

The evidence also supports the conclusion that defendant's thefts were committed pursuant to a single, ongoing intent (*see People v Malcolm*, 131 AD3d 1068 [2d Dept 2015], *lv denied* 27 NY3d 1153 [2016]; *People v Danielson*, 9 NY3d 342 [2007]). We have considered and rejected defendant's remaining arguments regarding aggregation.

Although certain hearsay testimony from one of defendant's accomplices should have been excluded, this testimony was limited and nonprejudicial, and any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.