Matter of Kurland (2024 NY Slip Op 00311)

Matter of Kurland

2024 NY Slip Op 00311

Decided on January 24, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
JOSEPH J. MALTESE, JJ.

2023-06151

[*1]In the Matter of Jason Kurland, admitted as Jason M. Kurland, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Jason Kurland, respondent. (Attorney Registration No. 3910676)

MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 18, 2001, under the name Jason M. Kurland.

Catherine A. Sheridan, Hauppauge, NY (Rose L. Dias of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On July 26, 2022, the respondent was convicted by a jury in the United States District Court for the Eastern District of New York, before the Honorable Nicholas G. Garaufis, of conspiracy to commit wire fraud, in violation of 18 USC § 1349, wire fraud, in violation of 18 USC § 1343, honest services wire fraud, in violation of 18 USC §§ 1343 and 1346, conspiracy to engage in unlawful monetary transactions, in violation of 18 USC §§ 1956(h) and 1957, and unlawful monetary transactions, in violation of 18 USC § 1957, all federal felonies. On June 15, 2023, the respondent was sentenced to a term of imprisonment of 156 months for the convictions of conspiracy to commit wire fraud, wire fraud, and honest services wire fraud, and a term of imprisonment of 120 months for the convictions of conspiracy to engage in unlawful monetary transactions and unlawful monetary transactions, with the sentences to run concurrently. Upon release from imprisonment, the respondent was sentenced to three years of supervised release. By order of forfeiture dated June 15, 2023, the respondent was directed to forfeit $64,600,000, as property constituting or derived from proceeds traceable to the respondent's crimes.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. Although the respondent was duly served, he has not submitted a response to the Grievance Committee's motion.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or [*2]any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that a conviction of conspiracy to commit wire fraud, in violation of 18 USC § 1349, wire fraud, in violation of 18 USC § 1343, and honest services wire fraud, in violation of 18 USC §§ 1343 and 1346, are essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. Under Penal Law § 190.65(1), a person is guilty of a scheme to defraud in the first degree:
"when he or she: (a) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons; or (b) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons."
In this case, the respondent was charged with and convicted of devising a scheme to defraud three lottery ticket winners, who retained the respondent's legal services, by obtaining money and property from the victims by means of materially false and fraudulent pretenses, representations, and promises. The respondent directed the victims to certain investments and obtained their money for those investments. The respondent failed to disclose to the victims that he accepted bribes and kickbacks from business partners in connection with those investments. The respondent also engaged in monetary transactions in criminally derived property of a value greater than $10,000, which was derived from the unlawful activity described above.
The Grievance Committee further submits that conspiracy to commit wire fraud and wire fraud, in violation of 18 USC §§ 1349 and 1343, are essentially similar to the New York felony of grand larceny in the first degree, in violation of Penal Law § 155.42. Insofar as the respondent was convicted of engaging in a scheme that yielded millions of dollars, the Grievance Committee submits that the monetary requirement of grand larceny in the first degree has been met. The record, however, does not support such finding.
Under Penal Law § 155.42: "A person is guilty of grand larceny in the first degree when he steals property and when the value of the property exceeds one million dollars." New York Penal Law § 155.05(1) defines "larceny" as: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (emphasis added). There is no specification in the record that the respondent or his coconspirators stole more than $1,000,000 from one victim (see People v Hinds, 77 AD3d 429).
Under the circumstances of this case, we conclude that the criminal conduct underlying the respondent's convictions of conspiracy to commit wire fraud, in violation of 18 USC § 1349, wire fraud, in violation of 18 USC § 1343, and honest services wire fraud, in violation of 18 USC §§ 1343 and 1346, are essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony. Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon his federal felony convictions.
Accordingly, the unopposed motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of July 26, 2022.
LASALLE, P.J., DILLON, DUFFY, BARROS, and MALTESE, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Jason Kurland, admitted as Jason M. Kurland, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Jason Kurland, admitted as Jason M. Kurland, is disbarred, effective July 26, 2022, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Jason Kurland, admitted as Jason M. Kurland, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Jason Kurland, admitted as Jason M. Kurland, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jason Kurland, admitted as Jason M. Kurland, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court